IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAE MIN SHIM ) | |
| ) | Case No. 17-cv-9246 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| WOK N FIRE ST CHARLES LLC, WOK N ) | |
| FIRE WHEATON LLC, WOK N FIRE ) | |
| SOUTH BARRIGNTON LLC, WOK N FIRE ) | |
| LLC, WOK N FIRE BURR RIDGE LLC, ) | |
| WOK N FIRE HOLDINGS LLC, BRIAN ) | |
| DONOFRIO AND MARK BARTLETT ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Jae Min Shim, through his attorneys, for his Complaint against Wok N Fire St Charles LLC, Wok N Fire Wheaton LLC, Wok N Fire South Barrington LLC, Wok N Fire LLC, Wok N Fire Burr Ridge LLC, Wok N Fire Holding LLC, Brian Donofrio and Mark Bartlett ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for Defendants' failure to pay overtime wage to Plaintiff. During the course of his employment by Defendants, Plaintiff works in excess of forty (40) hours per week, but he is never paid overtime wages. Plaintiff further alleges that Defendants' failure to pay the overtime wages is willful and intentional. Plaintiff's Consent Forms to be representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

## THE PARTIES

2. Plaintiff is at all times relevant hereto employee of Defendants.

3. Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

4. Plaintiff is at all times relevant hereto resided in the State of Illinois.

5. Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as an individual action for himself.

7. From about 2008 or 2009, Plaintiff Jae Min Shim regularly and customarily at the specific instructions and demand of Defendants actually performs work for Defendants in excess of forty (40) hours per week.

8. Plaintiff Shim is a cook and performs work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

9. Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

10. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

11. Plaintiff regularly worked more than 40 hours per week while employed by Defendants.

12. Plaintiff performed manual labor for Defendants.

13. Plaintiff was assigned to the said manual labor by Defendants.

14. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

15. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

16. Plaintiff was required to report to work for Defendants at a certain time.

17. Plaintiff could not set his own hours of work for Defendants.

18. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

19. Defendants are and were at all relevant times hereto engaged in the business of Asian Restaurant.

20. Defendants, Brian Nodofrio, and Mark Bartlett are and were at all relevant times hereto engaged in the interstate commerce.

21. Defendants Brian Nodofrio and Mark Bartlett managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

22. Defendants Brian Nodofrio and Mark Bartlett participated in and approved of the unlawful pay practices of the corporate Defendants Wok N Fire St Charles LLC, Wok N Fire Wheaton LLC, Wok N Fire South Barrington LLC, Wok N Fire LLC, Wok N Fire Burr Ridge LLC, Wok N Fire Holding LLC.

23. Defendants Brian Nodofrio and Mark Bartlett were involved in assigning work to Plaintiff.

24. Defendants Brian Nodofrio and Mark Bartlett had the power and authority to discipline Plaintiff.

25. Defendants Brian Nodofrio and Mark Bartlett exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

26. Defendants Brian Nodofrio and Mark Bartlett hired Plaintiff.

27. Defendants Brian Nodofrio and Mark Bartlett were in charge of paying employees.

28. Defendants Brian Nodofrio and Mark Bartlett told Plaintiff where to work and when to work.

29. Defendants Brian Nodofrio and Mark Bartlett exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

30. Defendants employed Plaintiff to do work for them in the State of Illinois.

31. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

32. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

33. Defendants held Plaintiff out as an employee.

34. Defendants employed and paid Plaintiff as their employee.

35. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

36. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

37. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

38. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

39. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

40. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

41. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

42. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

43. Defendants Wok N Fire St Charles LLC, Wok N Fire Wheaton LLC, Wok N Fire South Barrington LLC, Wok N Fire LLC, Wok N Fire Burr Ridge LLC, and Wok N Fire Holding LLC are Illinois Limited Liability Companies as restaurants franchise named Wok N Fire and are enterprises as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

44. Defendants Brian Nodofrio is a citizen and a manager of Defendants Wok N Fire St Charles LLC, Wok N Fire Wheaton LLC, Wok N Fire South Barrington LLC, Wok N Fire LLC, Wok N Fire Burr Ridge LLC, and Wok N Fire Holding LLC.

45. Defendant Mark Bartlett is a citizen and the president of Defendants Wok N Fire St Charles LLC, Wok N Fire Wheaton LLC, Wok N Fire South Barrington LLC, Wok N Fire LLC, Wok N Fire Burr Ridge LLC, and Wok N Fire Holding LLC.

46. Defendants Wok N Fire St Charles LLC, Wok N Fire Wheaton LLC, Wok N Fire South Barrington LLC, Wok N Fire LLC, Wok N Fire Burr Ridge LLC, Wok N Fire Holding LLC are joint employers. They are under the same ownership group and implement common policies.

47. Defendants are subject to the FLSA and IMWL by the nature of their business and the amount of revenues generated. Defendants' annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

## JURISDICTION AND VENUE

48. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
**Violation of the Fair Labor Standards Act -Overtime Wages**

49. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

50. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

51. From about 2008 or 2009, Plaintiff Jae Min Shim regularly and customarily at the specific instructions and demand of Defendants actually performs work for Defendants in excess of forty (40) hours per actually performed work for Defendants in

6

excess of forty (40) hours per week.

52.     Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

53.     Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

54.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

55.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

56.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

57.     Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

58.     Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

59.     Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

60.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

61.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay

Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

62. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

63. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

64. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

65. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

66. Defendants failed to compensate Plaintiff's overtime wages for hours worked in

excess of forty (40) in individual work weeks.

67. Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

68. Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

69. Pursuant to 820 ILCS 105/12*(*a), Plaintiff was entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Wage Illinois Wage Payment and Collection Act
### Failure to Pay Claims

70. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

71. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final

compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

72. During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

73. Because Defendants failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

WHEREFORE, plaintiff prays for judgment in her favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

B. statutory penalties as allowed by the IWPCA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: December 22, 2017

/s/ Ryan Kim

        Ryan J. Kim

        INSEED LAW, P.C.
        2454 E Dempster St Suite 301
        Des Plaines, IL 60016
        Attorney for Plaintiff